■ STERLING NATIONAL BANK, Appellant, v FASHION ASSOCI-ATES, Respondent. [894 NYS2d 394]—

The motion court correctly held that the parties' lease modification agreement pertained not to the lease at issue, but rather to a previously expired lease between the same parties for different premises, and that tenant was not relieved of its obligation, under article 12 of the lease, to remove its alterations, installations, additions and improvements from the premises and restore the premises to good order and condition. Tenant's claim that landlord's notice invoking article 12 was insufficiently specific as to the particular installations and alterations to be removed seeks to impose notice obligations that were not required by the lease. We also reject tenant's argument that Supreme Court's declaration that tenant was obligated to restore the premises to "a rentable condition" reformed the lease requirement to restore to "good order and condition." "A rentable condition," at least as minimally defined by the Special Referee ("the barest, but legal, necessities essential for letting the space"), does not involve a greater burden of restoration than the lease's well-understood "good order and condition" requirement (see Akron Meats v 1418 Kitchens, 160 AD2d 242, 244 [1990], lv denied 76 NY2d 704 [1990]), and we note that no damages were awarded landlord for the part of the restoration costs it incurred in upgrading the space specially for the new tenant it had procured. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.